# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS J. MCGRATH,<br><br>Plaintiff<br><br>v.<br><br>CREDIT ONE FINANCIAL, d/b/a CREDIT ONE BANK; DOES I through X, inclusive; ROE ENTITIES, I through X, inclusive,<br><br>Defendant | Case No.: 2:19-cv-01828-APG-NJK<br><br>**Order Remanding Case to State Court and Denying Motions for Sanctions and Entry of Default**<br><br>[ECF Nos. 13, 14, 15] |

Defendant Credit One Financial removed this case from state court based on federal question jurisdiction. Plaintiff Thomas McGrath, appearing *pro per*, moves to remand the case to state court, asserting that he never intended to plead claims based on federal law and that his references to federal law were inadvertent. ECF No. 14. McGrath also moves for sanctions against Credit One for removing the case. ECF No. 13. Because McGrath has disavowed any claims arising under federal law, I will remand the case to state court. I will not sanction Credit One because removal was based McGrath's allegations in his Second Amended Complaint.[1]

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc*., 878 F.3d 770, 773–74 (9th Cir. 2017) (internal quotations and citations omitted). This burden is particularly stringent for removing defendants because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc*.,

---

[1] McGrath also seeks an order from this court directing the state court to enter default against Credit One. ECF No. 15. This court has no authority over the state court, so I deny the motion.

553 F.3d 1241, 1244 (9th Cir. 2009); *see also Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) (noting the "strong presumption" against removal jurisdiction).

McGrath's Second Amended Complaint asserts claims based on various Nevada statutes and Title VII. Thus, Credit One removed the case based on federal question jurisdiction. In his motion to remand, McGrath states several times that his references to Title VII were "erroneously included" in his Second Amended Complaint and were "a mistake." *See* ECF No. 14 at 7:4-5. *See also Id.* at 7:17-19 ("To be clear, it is not necessary for the plaintiff to seek any relief whatsoever under federal law, so the claims upon which the Plaintiff mistakenly makes reference to Title VII cannot conceivably create a federal question in this case. . . . Even if Plaintiff was seeking relief under federal law (which Plaintiff is not). . . ."); *Id.* at 7:6-7 (confirming that the Nevada statutes "offer[] all the protections and relief sought by the plaintiff"). McGrath even agrees to amend his complaint "to remove all mention of federal law from his pleading and reference only state law." ECF No. 26 at 6:20-22.

"[T]he plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). *See also Rains v Criterion Systems, Inc*., 80 F.3d 339, 343-47 (9th Cir. 1996) (removal improper when the complaint alleged state, not federal, discrimination claim). McGrath never intended to assert any claims arising under federal law. The references to Title VII were included only because he is representing himself and is not well educated in the law. Had he properly pleaded his claims as he intended, asserting only state law claims, this case would not have been removable. And

because McGrath agrees to dismiss those federal law references (ECF No. 26 at 6:20-22), this court has no subject matter jurisdiction over this lawsuit.[2]

Because Credit One's removal was based on McGrath's mention of Title VII in his Second Amended Complaint, sanctions against Credit One are not appropriate.

I THEREFORE ORDER that the plaintiff's motion to remand **(ECF No. 14) is granted**.

I FURTHER ORDER that the plaintiff's motion for sanctions **(ECF No. 13) is denied**.

I FURTHER ORDER that the plaintiff's motion to order the state court to enter default **(ECF No. 15) is denied without prejudice**.

I FURTHER ORDER this case remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 10th day of December, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] If McGrath attempts to pursue federal claims upon remand to state court, Credit One could reasonably remove the case to federal court in the future.